# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41550
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 8, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EVERARDO RODRIGUEZ-MENDOZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CR-95-2

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Everardo Rodriguez-Mendoza pleaded guilty with a written plea agreement to conspiracy to conceal, harbor, and shield an alien from detection in a building in violation of 8 U.S.C. § 1324(a)(1)(A)(iii), (A)(v)(I), (B)(i). Rodriguez-Mendoza's guilty plea was conditional under Federal Rule of Criminal Procedure 11(a)(2), and he reserved the right to appeal the denial of his motion to suppress.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41550

Rodriguez-Mendoza moved to suppress evidence acquired during the search of 3005 Barrios Street and any statements taken in violation of his constitutional rights. After considering the factors in *United States v. Cardoza-Hinojosa*, 140 F.3d 610, 615 (5th Cir. 1998), the district court concluded that Rodriguez-Mendoza did not have standing to contest the search of 3005 Barrios Street. The district court found our application of the factors in *United States v. Briones-Garza*, 680 F.2d 417 (5th Cir. 1982), a case with similar facts, instructive.

As in *Briones-Garza*, Rodriguez-Mendoza had permission to stay at the house, but he had no key. He could secure the house's front gate and lock the front door, but he could not control who came into the house. He testified that on a few occasions he woke up to find the front door unlocked despite having locked it the previous night.

Rodriguez-Mendoza testified that, other than a trip with a smuggler to buy food, he was not permitted to leave the house. He felt trapped in the house and agreed that he had essentially been kidnapped.

There is no indication that Rodriguez-Mendoza "expected that the drop house would be free from [governmental] intrusion." *See Briones-Garza*, 680 F.2d at 422. Other than the fact that he ate and slept there, the house was not a normal residence. Rodriguez-Mendoza was "little more than a hostage" and "the nature of the place where [he] was required to stay does not indicate it would support any reasonable expectation of privacy on his part." *See id.* at 421-22. As such, the district court did not err in concluding that Rodriguez-Mendoza lacked standing to challenge the search of the house under the Fourth Amendment.

Based on the foregoing, the district court's judgment is AFFIRMED.